UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIANA AVDEEVA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-10364-IT |
| KRISTEN M. SMITH, in her official capacity as U.S. Citizenship and Immigration Services Field Office Director, PETER SIMONDS, in his official capacity as a U.S. Citizenship and Immigration Services Immigration Services Officer, DENIS C. RIORDAN, in his official capacity as U.S. Citizenship and Immigration Services District Director, and TRACY RENAUD, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services, | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

June 1, 2021

TALWANI, D.J.

On February 21, 2020, Plaintiff Diana Avdeeva filed a Complaint [#1] alleging the

United States Citizenship and Immigration Services ("USCIS") failed to timely resolve her

naturalization application and asking this court to assume jurisdiction and adjudicate that

application. On the parties' agreement, the court remanded the case to USCIS, and Plaintiff was

naturalized in August 2020. Presently before the court are Plaintiff's Request for Entry of

Judgment of Dismissal in Accordance with the Parties' Settlement Agreement [#38] and

Defendants' Motion to Dismiss for Lack of Jurisdiction [#39]. For the reasons that follow, the

court ALLOWS Plaintiff's Request [#38] and DENIES Defendants' Motion [#39].

I.      Background

On or about May 9, 2019, Plaintiff submitted an application for naturalization to USCIS

pursuant to 8 U.S.C. § 1427. Complaint ("Compl.") ¶¶ 6, 12 [#1]. On October 16, 2019, Plaintiff

appeared for her naturalization interview at the USCIS Lawrence Field Office. Id. at ¶ 6. After

Plaintiff's interview, USCIS administratively closed her case. Id. at ¶ 15. The Notice of

Administrative Closure sent to Plaintiff by the USCIS Lawrence Field Office stated that her

naturalization case had been closed because Plaintiff had been served with a Notice to Appear

which placed her into removal proceedings and made her ineligible for naturalization. Notice of

Administrative Closure [#1-2].

Plaintiff filed her Complaint [#1] on February 21, 2020, asking this court to take

jurisdiction over her naturalization application pursuant to 8 U.S.C. § 1447(b), id. at ¶ 1, and

alleging USCIS violated 8 U.S.C. § 1447(b) by failing to make a decision on her naturalization

application within 120 days of her naturalization interview and 8 C.F.R. § 316.14(b)(1) by failing

to either grant or deny Plaintiff's naturalization application and instead administratively closing

her application. Id. at ¶¶ 16-23.[1]

On July 2, 2020, the parties filed a Joint Motion to Remand Pursuant to 8 U.S.C.

§ 1447(b) ("Remand Motion") [#27] asking the court to remand the matter to USCIS "to

determine the matter in accordance with the parties' settlement agreement." Id. at 1. The Remand

Motion [#27] described the terms of the parties' agreement:

---

[1] Plaintiff also filed a separate action, Avdeeva v. Smith et al., 20-cv-10219 ("the APA action"), challenging USCIS' decisions to deny her I-751 petition, revoke her permanent resident status, and close her naturalization application as violations of various immigration regulations, the Administrative Procedures Act, 5 U.S.C. § 706(2)(a), and her right to due process. Avdeeva v. Smith, 20-cv-10219, Complaint ¶¶ 62-89 [#1].

the Government will take the following steps: (a) Within 60 days of this Court's remand order, Plaintiff's removal proceedings will be terminated, her I-751 Petition will be approved, and a new N-400 interview will take place[;] (b) If Plaintiff meets all requirements for naturalization (including language and civics proficiency), the naturalization oath will be conducted within the same 60-day period following this Court's remand order . . . . The parties respectfully request that this Court hold the APA action (C.A. No. 1:20-cv-10219-IT) in abeyance at this time. Upon the Government's satisfaction with all of the terms [ ] above, Plaintiff will voluntarily dismiss all pending claims and withdraw her claim for damages under the Federal Tort Claims Act.

Id. at ¶¶ 3-4.

On July 6, 2020, the court remanded this case to USCIS "in accordance with the parties' settlement agreement." Order of Remand [#29]. The clerk then administratively closed the case.

On August 17, 2020, USCIS granted Plaintiff's application for naturalization and administered the Oath of Allegiance; Plaintiff is now a United States citizen. See Defendants' Amended Mem. of Law in Support of Defendants' Mot. to Dismiss ("Mem. in Support of Mot. Dismiss") [#43].

On August 20, 2020, Plaintiff filed a Notice of Voluntary Dismissal [#23] in the APA Action.

On September 4, 2020, the parties filed status reports in this case. See Defendants' Status Report [#30]; Plaintiff's Status Report [#31]. Defendants' report suggested the case was moot because the government had fulfilled its obligations and noted that on "PACER, the status of the case has been 'Terminated' since July 6, 2020." Defendants' Status Report [#30]. In her status report, Plaintiff explained her intention to file a request for fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), 5 U.S.C. § 504, and her refusal to join Defendants in a joint notice of dismissal which she viewed an attempt to avoid payment of fees under EAJA. Plaintiff's Status Report [#31].

On September 8, 2020, the court issued an order that the clerk reopen the administratively

closed case as no judgment had been entered and no dismissal had been filed. Elec. Order [#32].

II.    Discussion

Plaintiff seeks entry of judgment of dismissal under Fed. R. Civ. P. 58(a). Request for

Entry of Judgment 3 [#38]. Defendants argue the court should instead dismiss the Complaint

[#1] under Fed. R. Civ P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction because

Plaintiff's "claims relating to her naturalization application are now moot." Mem. in Support of

Mot. Dismiss 4 [#42]; see also Mot. Dismiss [#39]. Plaintiff argues in response that her case is

not moot because her EAJA request for fees was included in her Complaint [#1] so there is still

an issue for the court to resolve. Plaintiff's Opp'n to Gov. Mot. to Dismiss ("Opp'n") 2 [#43].[2]

The court analyzes the issue somewhat differently than the parties. Plaintiff has now

obtained all the relief that she sought in the Complaint [#1], other than her claim for fees. A party

seeking attorney's fees and costs under the EAJA cannot submit an application until there is an

entry of final judgment. See 28 U.S.C. § 2142(d)(1) (final judgment must be entered in a civil

action before EAJA filing period is triggered). Accordingly, the questions before the court are

whether final judgment has already entered, and if not, whether it should enter on Plaintiff's

Request for Entry of Judgment Dismissal [#38] or on Defendants' Motion to Dismiss [#39].

The court identifies two events that arguably may have already ended the case: (1) the

court's Remand Order [#29] remanding the case to USCIS or (2) Plaintiff's naturalization. The

court discusses these events in turn.

As Defendants have noted, the case was marked terminated on CM/ECF when the court

___

[2] Plaintiff also contends that absent a court order directing the government to comply with the
settlement agreement, the government could still claim her citizenship was "unlawfully
procured" and denaturalize her. Opp'n 3 [#43]. This second argument is without merit where
Plaintiff is not seeking an order directing the government to comply with the settlement
agreement and instead concedes that the government has complied with that agreement.

remanded the matter to USCIS. See Defendants' Status Report [#30]. Despite that administrative

designation, the Remand Order [#29] did not end the case. At the time the case was remanded,

there was no resolution of Plaintiff's request to be naturalized. See Mall Properties Inc. v. March,

841 F.2d 440, 441 (1st Cir. 1988) ("the district court's remand order does not grant [the plaintiff]

ultimately what [the plaintiff] wants. Rather, the court's order is but one interim step in the

process towards [the plaintiff] obtaining its ultimate goal."). Indeed, had Plaintiff filed a request

for EAJA fees when the matter was remanded, Defendants likely would have argued that the

request was premature.

Plaintiff was naturalized on August 17, 2020. Neither party sought an Order of Dismissal

or Judgment at time. Treating the naturalization itself as a final judgment ignores all pleadings

formalities and would create unacceptable confusion as to the timing of a fee petition. As the

First Circuit has noted, "the legislative intent behind the EAJA counsel against creating

confusion with regards to what constitutes a 'final judgment' for purposes of the statute."

Castaneda-Castillo v. Holder, 723 F.3d 48, 66 (1st Cir. 2013); see also H.R. Rep. 99-120, n. 26

(provision of EAJA defining 'final judgment' "should not be used as a trap for the unwary

resulting in the unwarranted denial of fees").

The court turns to the parties' competing requests. Under the parties' settlement

agreement, the parties' agreed that "[u]pon the Government's satisfaction with all of the terms [ ]

above, Plaintiff will voluntarily dismiss all pending claims." Plaintiff's Request for Entry of

Judgment [#38] seeks to do exactly what the parties agreed upon, see Joint Motion to Remand

[#27], the court will dismiss the case in accordance with the parties' agreement. Defendants'

Motion to Dismiss for Lack of Jurisdiction [#39] is denied as moot.

III.   Conclusion

For the aforementioned reasons, Plaintiff's Request [#38] is ALLOWED and Defendants'

Motion [#39] is DENIED. This case is DISMISSED according to the parties' agreement, and the

clerk shall issue a final judgment pursuant to this memorandum and order.


IT IS SO ORDERED.

                                                        /s/ Indira Talwani
Date: June 1, 2021                                      United States District Judge